**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| LITTLE W. OGLETREE, *pro se* | ) | CASE NO. 1:15-cv-00496 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) | MAGISTRATE JUDGE GREG WHITE |
| | ) | |
| | ) | |
| Defendant. | ) | **REPORT AND RECOMMENDATION** |

On March 16, 2015, Little W. Ogletree ("Plaintiff"), *pro se*, filed a Complaint challenging the denial of his claim for Supplemental Security Income under Title XVI of the Social Security Act ("Act"), 42 U.S.C. § 1381 *et seq*.[1]  (ECF No. 1.)

On May 15, 2015, Defendant Acting Commissioner of Social Security ("Commissioner") filed her Answer and the Transcript.  (ECF Nos. 9 & 10.)  Pursuant to the Court's Initial Order (ECF No. 4 at ¶3), Plaintiff's Brief on the Merits was due sixty (60) days thereafter – by July 14, 2015.  Plaintiff, however, failed to filed a brief or seek an extension of time to do so.  Therefore, Plaintiff was ordered to show cause on or before **Friday, August 28, 2015**, why this case should

---

[1] A hearing was held on June 18, 2013 before an administrative law judge ("ALJ") where Plaintiff was represented by counsel.  (ECF No. 10, Tr. 9.)  The ALJ found that Plaintiff's condition medically improved and that he was no longer disabled by April 1, 2010.  (Tr. 13.)

not be dismissed for want of prosecution. (ECF No. 11.) Moreover, Plaintiff was ordered to file his Brief on the Merits by the same date. *Id*.

On August 28, 2015, Plaintiff filed a response to the Show Cause Order indicating that he did not "remember having or lost the copy of Defend brief 5-15." (ECF No. 12.) Plaintiff, on the same date, filed a half-page document captioned "Brief on the Merits" which stated he needed more time due to various ailments. (ECF No. 13.) The Court construed this filing as a motion for extension of time and, on August 31, 2015, gave Plaintiff until September 30, 3015 to file a Brief on the Merits. He was warned no further extensions would be granted. The Court docket reflects said Order was mailed to Plaintiff the same date it was issued; and, there is no indication that the Order was returned as undeliverable. Moreover, Plaintiff clearly received the Show Cause Order mailed to the same address.

As of today's date, October 13, 2015, Plaintiff has not filed his Brief on the Merits. Plaintiff completely ignored the Court's Initial Order. Despite being given a second chance to file a brief, Plaintiff has failed to present this Court with any legal argument. The transcript was filed almost five months ago, and all efforts to move the case forward have been thwarted by Plaintiff's failure to comply with the Court's orders. "Although dismissal is harsh, it may be appropriate when no alternative sanction would protect the integrity of pre-trial procedures." *Harkleroad v. Astrue*, 2011 WL 3627161 (N.D. Ohio Aug. 17, 2011) (*citing Carter v. City of Memphis*, 636 F.2d 159, 161 (6th Cir. 1980)).

For the foregoing reasons, it is recommended that this action be dismissed for lack of prosecution.

/s/ Greg White
U.S. MAGISTRATE JUDGE

Date: October 13, 2015

### OBJECTIONS

**Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation. Failure to file objections within the specified time may waive the right to appeal the District Court's order.** *See United States v. Walters*, **638 F.2d 947 (6th Cir. 1981).** *See also Thomas v. Arn*, **474 U.S. 140 (1985),** *reh'g denied*, **474 U.S. 1111 (1986).**